UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY WILSON,

                Plaintiff,

      -against-

CITY OF NEW YORK; THE NEW YORK CITY
POLICE DEPARTMENT; BRONX COUNTY;
BRONX COUNTY DISTRICT ATTORNEY'S
OFFICE; DETECTIVE KEITH WALKER;
DETECTIVE MICHAEL GARRITY; JOHN/JANE
DOE #1 THROUGH #14; LIEUTENANT
BRENDAN DUKE; POLICE COMMISSIONER
HOWARD SAFIR; ASSISTANT DISTRICT
ATTORNEYS ELAINE JITTARACT, RASHEDA
BAKASH, AND CYNTHIA ISALIS; AND
DISTRICT ATTORNEY DARCEL CLARK,

                Defendants.

20-CV-4178 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, currently incarcerated in Gouverneur Correctional Facility, brings this *pro se* action under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, alleging that Defendants violated his rights by arresting, detaining, and bringing charges against him. By order dated July 27, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action against the City of New York; the New York City Police Department (NYPD), Bronx County; the Bronx County District Attorney's Office; Detective Keith Walker; Detective Michael Garrity; John/Jane Doe defendants 1-14, identified as NYPD police officers; Lieutenant Brendan Duke; former Police Commissioner Howard Safir; Assistant District Attorneys Elaine Jittaract, Rasheda Bakash, and Cynthia Isalis; and Bronx District Attorney Darcel Clark. Plaintiff's claims arise out of his arrest and prosecution.

The following facts are taken from the complaint. On June 23, 2008, Muhammet Ceesay, an African immigrant, went to the NYPD 43rd Precinct in the Bronx to make a police report about losing his work authorization identification card. During an interview with Garrity, Ceesay informed the police that he lost the card during an unreported incident that occurred four days earlier, but he indicated that he had no knowledge of a crime, had not observed criminal behavior, and did not want to bring criminal charges. Ceesay reported to the police that on the evening of June 19, 2008, he sat on a bench across from his building to enjoy the weather, when a woman named Suzette Robinson came by. After saying hello, he and Robinson began talking, and the next thing he remembered was waking up on the sidewalk in front of his building. When Ceesay was asked the reason he waited four days to report the incident, he stated that he had not

intended to report it but was told that he needed a police report to replace his work authorization card. Garrity and Walker commenced an investigation based on Ceesay's interview.

During the investigation, Garrity and Walker obtained a video surveillance of the Parkchester Condominium, which failed to reveal that the incident described by Ceesay had occurred. Garrity and Walker consulted with the security staff of Parkchester Condominium about "all possibly related documented incidents" that occurred in June 2008 and viewed surveillance recordings, but they failed to discover any information on the alleged incident involving Ceesay that occurred in front of his building. (ECF No. 2, at 9.) Garrity and Walker only found video surveillance of Ceesay entering and leaving the lobby area of Robinson's building, the Archer Road Parkchester Condominium.[2] Thus, the investigation revealed that Ceesay had made a false report to the police "IN ORDER TO REPLACE HIS WORK AUTHORIZATION CARD BECAUSE HE NEEDED THE REPORT." (*Id*.) But on further investigation of Ceesay's "questionable unreported incident," Garrity and Walker obtained a surveillance video from Robinson's building that depicted an incident between Ceesay and two unidentifiable individuals, in which one of the individuals was hitting Ceesay with an object. (*Id*. at 10.) After canvassing the area, Garrity and Walker were able to identify the two individuals as Robinson and someone called "Kalif," whom they did not know by "name or face." (*Id*.)

On June 30, 2008, Robinson contacted Plaintiff and requested to borrow money, and they made arrangements to meet at a Rite Aid's parking lot. Plaintiff was running late and attempted to contact Robinson, but she did not answer her phone. When Plaintiff arrived at the Rite Aid's parking lot, Robinson was not around but her car was parked there. He also observed the John

---

[2] It is unclear from the complaint whether the Parkchester Condominium and Robinson's building – the Archer Road Parkchester Condominium – are the same building or if Plaintiff is referring to an apartment complex with multiple buildings.

3

and Jane Doe police officers entering the parking lot, but thought nothing of it because the NYPD 43rd Precinct was across the street. Anticipating Robinson's return, Plaintiff entered her car, only to be confronted by the police officers who drew their weapons and screamed "Don't Move" repeatedly. (*Id*. at 11.) Walker then pulled the side door of the car and screamed for Plaintiff to get out. Plaintiff was then pulled out of the car at gunpoint, his arms were twisted, and he was handcuffed from behind. Walker then searched him and confiscated Plaintiff's property from his pocket, which included his state identification card. After this warrantless arrest and search, Walker asked Plaintiff his name while looking at Plaintiff's identification card. At this point, Garrity, who was also present, and Walker discovered that Plaintiff was not "Participant Kalif," but instead of releasing him, they took Plaintiff to the 43rd Precinct where he was questioned, processed, and then transported to the Bronx County Central Booking. (*Id*. at 12.)

Although the police had no reason to believe that Plaintiff had committed a crime, they "unreasonably" seized and searched him without a warrant. (*Id*. at 2.) After unlawfully seizing Plaintiff, the police "coerced" Ceesay "into becoming a cooperating [c]omplainant [v]ictim" by confronting him with his false statements concerning the June 19, 2008 incident with the threat of "subjecting him to criminal offenses for obstruction of a police investigation and likely deportation." (*Id*.)

After the warrantless arrest, Walker went to the Bronx County District Attorney's Office and prepared a felony complaint against Plaintiff summarizing the interview with Ceesay. Bronx County Assistant District Attorneys (ADAs) then "falsified a business record "on behalf of Walker stating that Plaintiff struck Ceesay with a wooden two-by-four, causing him to bleed and to lose consciousness, and then Plaintiff went through Ceesay's pockets and took his wallet and a

4

cellphone. (*Id*. at 13-14.) Along with the "manufactured statements," the ADAs conspired with Walker to bring felony charges against Plaintiff in the Bronx County Court.[3]

As a result of the unlawful warrantless arrest and the conspiracy involving the false business report, Plaintiff suffered the following injuries: (1) loss of physical liberty from 2008 to July 2012; (2) violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution to be free from unreasonable search and seizure of his person; (3) violation of his rights under the First, Fifth, and Fourteenth Amendments to petition the government for judicial redress of grievances because of the" misrepresentations enumerated within [the] fraudulently premature felony complaint," (*id*. at 16); and (4) violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to have assistance of counsel during arraignment and on the fraudulent felony complaint.

Plaintiff seeks a declaration that his June 30, 2008 warrantless arrest was without probable cause or reasonable suspicion and that the felony complaint "was a manufactured fraudulent instrument" prepared to justify unlawful police action against him (*id*. at 24); an injunction refraining all the defendants from engaging in communication with Ceesay and Robinson outside of Plaintiff's presence; and punitive damages against all of the defendants.

---

[3] On July 23, 2013, Plaintiff was convicted of robbery in the first degree and attempted assault in the first degree in the New York Supreme Court, Bronx County. *See People v. Wilson*, 138 A.D.3d 637 (1st. Dep't Apr. 28, 2016).

## DISCUSSION

**A.      Untimely Claims**

Plaintiff's claims are untimely. The statute of limitations applicable to claims brought under §§ 1981, 1983, and 1985 in New York is three years.[4] *See* 42 U.S.C. § 1988(a); *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir. 2004); *Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002). The limitations period for claims brought under § 1986 is one year. *See* 42 U.S.C. § 1986. Claims under these statutes generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). A false arrest claim under § 1983 accrues, for example, when the false arrest ends, that is, once the arrestee "becomes held pursuant to legal process – when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007); *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("A cause of action for false arrest accrues at the time of detention.").

Plaintiff brings the complaint asserting claims arising out of his arrest and detention, which occurred during the time period from June 30, 2008, to July 2, 2012. But the Court received this action from Plaintiff on May 28, 2020, more than eleven years and ten months after his arrest, and more than seven years and ten months after his allegedly unlawful detention ended.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence

---

[4] Under 28 U.S.C. § 1658, actions involving employment discrimination arising under the 1991 amendments to § 1981 have a four-year statute of limitations. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004).

of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds). A district court should grant notice and opportunity to be heard, however, before dismissing a complaint *sua sponte* on statute of limitations grounds. *Abbas*, 480 F.3d at 640.

It is clear that Plaintiff filed his claims well beyond the applicable statute of limitations. Normally, the Court would grant him leave to plead any facts showing that equitable tolling applies. But as discussed below, Plaintiff fails to state any claim for relief, and therefore, it is appropriate to dismiss his untimely claims.

**B.      False Arrest and Malicious Prosecution**

Plaintiff brings a litany of claims under several civil rights statutes, but his assertions amount to claims that he was falsely arrested and maliciously prosecuted. Even if Plaintiff had asserted timely claims, however, any claim for damages or equitable relief is barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Supreme Court has explained:

> that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck*, 512 U.S. at 486-87 ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

7

determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]").

Because success on Plaintiff's claims would necessarily imply the invalidity of his conviction – and he does not assert that his conviction has been overturned or otherwise invalidated – *Heck*'s favorable termination rule bars the § 1983 claims for damages and equitable relief.[5] *See Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a fair trial is not cognizable under § 1983."). The Court must therefore dismiss Plaintiff's claims arising from his arrest, charges brought against him, and detention, which ultimately resulted in his conviction for robbery and attempted assault.

Because Plaintiff's claims with respect to the events leading to his arrest and detention are untimely and precluded by *Heck*, the complaint must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.     Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

---

[5] Plaintiff specifically states that the "complaint does not serve or intend to impede, circumvent or disturb . . . holding and/or standards set out in *Heck v. Humphrey*, 512 U.S. 447-503. (ECF No. 2, at 6.) But despite this statement, it is clear that he seeks to challenge the validity of his June 30, 2008 arrest and the charges brought against him for which he was convicted.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending maters are terminated.

SO ORDERED.

Dated:   August 10, 2020
         New York, New York

                                                    *Louis L. Stanton*
                                                    Louis L. Stanton
                                                    U.S.D.J.